OVERSEAS STORAGE COMPANY, INC., Respondent, v. ANTHONY J. CHLOPSEK, Individually and as President of the INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, Impleaded with JOSEPH P. RYAN and Others, Appellants.— Order granting injunction *pendente lite* modified by providing in substance that during the pendency of the action the defendants be enjoined from conspiring together in any manner to unlawfully interfere with the property and property rights of plaintiff to effect the primary purpose of wrongfully injuring plaintiff's property, and also enjoining defendants, with the like wrongful purpose, from in any manner obstructing or interfering with plaintiff in securing delivery of any and all merchandise discharged from any vessel upon any pier, lighter or elsewhere, and of the loading and transporting of the same under contract with plaintiff's customers by its own loaders and employees.  As thus modified the order is affirmed, with ten dollars costs and disbursements.  The facts in the record justified the learned trial justice in finding for the purposes of the motion that defendants were singling out the plaintiff and discriminating against it in the moving of freight consigned to it.  As pointed out by this court on the decision of a motion in this action on May 23, 1924 (*ante*, p. 834), the ultimate fact to be determined on the trial is whether the defendants are engaged in a boycott or conspiracy to accomplish an unlawful act or a lawful act by unlawful means, causing irreparable damage.  If the primary purpose of the boycott is to do irreparable injury to the plaintiff unless it conducts its business as defendants demand, and defendants are singling out the plaintiff for

* See Laws of 1922, chap. 664, adding to Laws of 1920, chap. 136, § 4a, being one of the Emergency Rent Laws.— [REP.

punishment from all other warehousemen similarly situated for such unlawful primary purpose, then the plaintiff should prevail; on the other hand, if the primary purpose is to better the condition of the boycotters as laborers, and not to do irreparable injury, the boycott is not unlawful even though incidental damage results. Jaycox, Kelby, Young and Kapper, JJ., concur; Kelly, P. J., dissents and votes to reverse the order and deny the motion on authority of *Bossert* v. *Dhuy* (221 N. Y. 342); *National Protective Assn.* v. *Cumming* (170 id. 315); *Reardon, Inc.,* v. *Caton* (189 App. Div. 501).